UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBBI SPANN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:16CV902 RLW |
| | ) |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 8). The motion is fully briefed and ready for disposition.

## BACKGROUND

Seventy-seven Plaintiffs filed this action in the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri, on April 27, 2016. Plaintiffs allege injuries resulting from Plaintiffs' use of Pradaxa®. Plaintiffs are citizens of a number of states, including Missouri, Delaware, and Ohio. Plaintiffs contend that there are several named Plaintiffs that are not completely diverse with defendants. As admitted by Defendants, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") is a citizen of Delaware and Connecticut, and Defendant West-Ward Columbus, Inc., formerly known as and identified in the Petition as Defendant "Boehringer Ingelheim Roxane, Inc." is a citizen of the states of Delaware and Ohio. Plaintiff Joseph Stanley Price is a citizen of Delaware, and Plaintiff Edwin Benson is a citizen of Ohio.[1] Plaintiffs allege

---

[1] Plaintiffs note in their Memorandum in Support of Motion to Remand that several other Plaintiffs, both individually and as representatives for decedents, also share Ohio citizenship with Defendant Boehringer Ingelheim Roxane, Inc. (ECF No. 9 at 2-3). Defendants acknowledge this

claims for strict product liability, negligence, breach of express and implied warranties, misrepresentation, unjust enrichment, gross negligence, wrongful death, and survival actions.

On June 20, 2016, Defendants removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. §1332(a). Although there appears to be a lack of complete diversity based upon the face of the Petition, Defendants argue that they are not subject to personal jurisdiction with respect to the non-Missouri Plaintiffs' claims. Defendants further assert that personal jurisdiction should be resolved before subject matter jurisdiction because it does not raise any complex question of state law (ECF No. 15 at 6). Defendants also argue that the joinder of non-Missouri Plaintiffs is fraudulent and a sham. (ECF No. 15 at 11-12) Plaintiffs maintain that remand is appropriate because complete diversity does not exist, and Plaintiffs' claims are not fraudulently joined.

## **LEGAL STANDARD**

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

## **DISCUSSION**

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *See Ex Parte*

---

oversight in their response in opposition (ECF No. 15 at 3 n.3).

2

*McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868). Under Supreme Court precedent set forth in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.574 (1999), a court has discretion to consider personal jurisdiction first where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question. *Id.* at 588; *see also Crawford,* 267 F.3d at 764 ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject-matter jurisdiction."). However, the Supreme Court has held that

> If personal jurisdiction raises "difficult questions of [state] law," and subject-matter jurisdiction is resolved "as eas[ily]" as personal jurisdiction, a district court will ordinarily conclude that "federalism concerns tip the scales in favor of initially ruling on the motion to remand."

*Ruhrgas AG,* 526 U.S. at 586 (citing *Allen v. Ferguson,* 791 F.2d 611, 616 (C.A.7 1986)). "[I]n most instances subject-matter jurisdiction will involve no arduous inquiry." *Ruhrgas AG,* 526 U.S. at 587. "In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587–88. Courts in this district addressing the same issue have found that personal jurisdiction requires a more fact-intensive inquiry than the straightforward issue of subject-matter jurisdiction. *See, e.g., Joseph v. Combe Inc.*, No. 4:16CV284 RLW, 2016 WL 3339387, at *1 (E.D. Mo. June 13, 2016); *Adler v. Boehringer Ingelheim Pharms., Inc.*, No. 4:16 CV 155 RWS, 2016 U.S. Dist. LEXIS 111100, at *6 (E.D. Mo. March 28, 2016) (exercising discretion to determine subject matter jurisdiction first where the inquiry was not arduous); *Morgan v. Janssen Pharms., Inc.*, No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014) (finding the issue of subject matter jurisdiction in an action arising from the drug Risperidone was a straightforward legal issue that judges in this district had already addressed and that issues of personal jurisdiction required a

more fact-intensive inquiry); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 4:14CV1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014) (declining to rule on issues of personal jurisdiction first because the subject matter jurisdiction issue was not arduous). Thus, the Court in its discretion will first determine the issue of subject matter jurisdiction, as the question of personal jurisdiction requires a more fact-intensive inquiry. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (noting a determination of personal jurisdiction requires looking at affidavits and exhibits in addition to the face of the pleadings).

The Court holds that there is not complete diversity on the face of the Petition and no basis for fraudulent joinder. "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Under 28 U.S.C. §1332(a), a district court has original jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Courts, however, "have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Prod. Liab. Litig.*, 591 F.3d at 620. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). "When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007)). Here, Defendants argue

that the non-Missouri citizen Plaintiffs are fraudulently joined with the Missouri Plaintiffs because the out-of-state Plaintiffs cannot establish personal jurisdiction under Missouri law.

Courts in this district have consistently held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. *Joseph*, 2016 WL 3339387, at *2; *Triplett v. Janssen Pharms., Inc.*, No. 4:14-CV-02049-AGF, 2015 U.S. Dist. LEXIS 160580, at *13 (E.D. Mo. July 7, 2015); *Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015). "On numerous occasions, this Court has determined that the joinder of plaintiffs alleging injury from a single drug is not 'egregious,' because common issues of law and fact connect the plaintiffs' claims." *Robinson v. Pfizer Inc.*, No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *4 (E.D. Mo. Apr. 29, 2016) (collecting cases). The Court follows the approach taken by the district courts in the Eastern District of Missouri, holds that Plaintiffs' claims are not fraudulently joined, and finds that complete diversity is absent. *See In re Prempro Prod. Liab. Litig.*, 591 F.3d at 623. Plaintiffs have filed suit against Defendants for injuries caused by the same drug, Pradaxa®, and arising out of the same use of those products. The Court finds that common issues of law and fact are likely to arise in this litigation.[2] *See In re Prempro Prod. Liab. Litig.*, 591 F.3d at 623. Therefore, the Court holds that joinder is proper and complete diversity does not exist. This case shall be remanded for further proceedings.

---

[2] Courts in this district faced with the identical product and identical issues have remanded the cases to the Circuit Court of the City of St. Louis, Missouri for lack of jurisdiction. *See, e.g., Love v. Boehringer Ingelheim Pharms., Inc.*, No. 4:16 CV 1304 RWS; *Fahnestock v. Boehringer Ingelheim Pharms., Inc.*, No. 4:16-CV-1013 (CEJ), 2016 WL 4397971, at *3 (E.D. Mo. Aug. 18, 2016) (finding defendants failed to meet their burden to establish that plaintiffs' claims were fraudulently joined such that subject-matter jurisdiction was lacking); *Adler*, 2016 U.S. Dist. LEXIS 111100, at *8 (declining to find misjoinder where common issues of law and fact were likely to arise and remanding to the state court).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri, from which it was removed, under 28 U.S.C. § 1447(c). An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this 14th day of December, 2016.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**